**The Advocacy Group**
333 Las Olas Way Unit CU3-311
Fort Lauderdale, FL 33301

April 4, 2017

M&T Bank – Error Resolution
P.O. Box 62986
Baltimore, MD 21264-2986
Sent Via Certified Mail

Bayview Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146

NOTICE OF ERROR

Re:   Borrowers: Dona Finkel & John Civetti
      Loan #: ▓▓▓▓▓▓▓▓
      Address: 810 Victoria Park Road, Fort Lauderdale, FL 33304

**Re: Notice of errors under 12 C.F.R. § 1024.35(b)(5) for imposition of fees or charges which the Servicer lacks a reasonable basis to impose upon the borrower**

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 C.F.R. §1024.35 of Regulation X of the Mortgage Servicing Act under the Real Estate Settlement Procedures Act (RESPA), which became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding mortgage loan servicing.

Pursuant to 12 C.F.R. § 1024.35(d), you must acknowledge receipt of this Notice **_within five (5) days_** of such (excluding legal public holidays, Saturdays and Sundays).

Pursuant to 12 C.F.R. § 1024.35(e)(3)(i)(C), you must advise us of your response to this Notice **_within thirty (30) days_** of receipt of such (excluding legal public holidays, Saturdays, and Sundays).

The written authority of the above-referenced borrowers (the "Borrowers") for this notice to our law firm is enclosed herewith and incorporated herein by this reference.

M&T Bank and Bayview Loan Servicing are the servicers of the above-referenced mortgage loan (the "Loan") and has been such at all times relevant. Borrower has sent several Notices to Servicers advising of the accounting errors that have resulted in repeated errors as set forth below. Despite responses where Servicer alleges it has either

**The Advocacy Group**
333 Las Olas Way Unit CU3-311
Fort Lauderdale, FL 33301

corrected the error - or no error occurred, these errors continue to occur and constitute a practice and pattern. Beginning in July of 2014, Borrower began making timely monthly payments in advance of the due date as set forth in prior Notices. However, Servicers continue to credit the payment for the appropriate month and instead credit the payment for the following month. Thus, despite Borrower having paid as agreed since September 1, 2014, the first payment of their Trial Modification (and every payment thereafter), Servicer has repeatedly reported Borrowers late, charged late fees, sent erroneous statements, etc.  Borrowers credit has suffered and continue to experience extreme stress due to the financial and emotional strain the Servicers' repeated errors have caused.

The errors are specifically set forth below:

NOE 1 - 12 C.F.R. § 1024.35(b)(2) provides that failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law is an error. Servicers failed to apply an accepted payment as required on the following dates.

Servicers failed to apply the following accepted payments:

NOE 2 - 12 C.F.R. § 1024.35(b)(3) provides that failure to credit a payment to a borrower's mortgage loan account as of the date of receipt in violation of 12 CFR 1026.36(c)(1) is an error.

Servicer failed to credit the following payments as of the date received:

| Payment Due Date | Payment Amount Due | Payment Recorded by M&T | Payment Sent by Borrower |
|---|---|---|---|
| 9/1/014 | $2,166.08 | 7/31/14 | |
| 10/1/14 | $2,166.08 | 9/3/14 | |
| 11/1/14 | $2,166.08 | 10/7/14 | |
| 12/1/14 | $2,166.31 | 11/25/14 | |
| 1/01/15 | $2,166.31 | 12/18/14 | |
| 2/01/15 | $2,166.31 | 1/27/15 | |
| 3/01/15 | $2,166.31 | 2/24/15 | |
| First Statement (Received on ) | | | |
| Notice of Change in Payment Amount to $2,189.07 | | | |
| 4/01/15 | $2,189.07 | 3/16/15 | |

**The Advocacy Group**
333 Las Olas Way Unit CU3-311
Fort Lauderdale, FL 33301

| | | | |
|---|---|---|---|
| 5/01/15 | $2,189.07 | 4/27/15 | |
| 6/01/15 | $2,189.07 | 5/18/15 | |
| 7/01/15 | $2,189.07 | 6/22/15 | |
| 8/01/15 | $2,189.07 | 7/27/15 | |
| 9/01/15 | $2,189.07 | 8/31/15 | 8/26/15 |
| 10/01/15 | $2,189.07 | 9/28/15 | 9/23/15 |
| 11/01/15 | $2,189.07 | 10/29/15 | 10/26/15 |
| 12/01/15 | $2,189.07 | 11/27/15 | 11/24/15 |
| Notice of Change in Payment to $2,172.52 | | | |
| 1/01/16 | $2,172.52 | 12/28/15 | 12/23/15 |
| 2/01/16 | $2,172.52 | 2/01/16 | 1/26/16 |
| 3/01/16 | $2,172.52 | 2/26/16 | 2/22/16 |
| 4/01/16 | $2,172.52 | 3/30/16 | 3/23/16 |
| 5/01/16 | $2,172.52 | 5/02/16 | 4/27/16 |
| 6/01/16 | $2,172.52 | 6/06/16 | 5/31/16 |
| 7/01/16 | $2,172.52 | 7/05/16 | 6/28/16 |
| 8/01/16 | $2,172.52 | No Statement | 7/29/16 |
| 9/01/16 | $2,172.52 | No Statement | 8/26/16 |
| 10/01/16 | $2,172.52 | 10/3/16 | 9/28/16 |
| 11/01/16 | $2,172.52 | 10/29/16 | 10/26/17 |
| 12/01/16 | $2,172.52 | No Statement | 11/28/16 |
| 1/01/17 | $2,172.52 | No Statement | 12/31/16 |
| 2/01/17 | $2,172.52 | No Statement | 1/28/17 |
| 3/01/17 | $2,172.52 | 3/04/17 | |
| 4/01/17 | TBD | TBD | |

NOE 3 - 12 C.F.R. § 1024.35(b)(5) provides that it is an error for a servicer to impose a fee or charge that the servicer lacks a reasonable basis to impose upon the borrower. Comment 2 of the Official Interpretations of the Consumer Financial Protection Bureau of 12 C.F.R. § 1024.35(b) provides that:

**The Advocacy Group**
333 Las Olas Way Unit CU3-311
Fort Lauderdale, FL 33301

> For purposes of § 1024.35(b)(5), a servicer lacks a reasonable basis to impose fees that are not bona fide, such as:
> i. A late fee for a payment that was not late;
> ii. A charge imposed by a service provider for a service that was not actually rendered;

Borrower does not have a complete total of all late fees or other fees as Servicers have failed to send monthly statements for several months since August 2016. Borrowers have requested copies of all statements since July 31, 2016 under separate cover.

It is believed that, at all points in time Borrowers were paying as agreed each month timely mortgage payments in full. As such, Servicer had no reasonable basis to impose any fee or charge other than for principal, interest, and escrow obligations under such modification agreement.

As such, Servicer's imposition of each late fee or other fee for which Servicer had no reasonable basis to impose constitutes clear, distinct, and separate errors in Servicer's servicing of the Loan pursuant to 12 C.F.R. § 1024.35(b)(5).

NOE 4 - Failure to advise Borrower of a change in payment terms.

Please correct each of these errors and provide us with notification of the correction(s), the date of the correction(s), and contact information for further assistance; or, after conducting a reasonable investigation, provide the Borrower, ***through our firm***, with a written notification that includes a statement that the servicer has determined that no error(s) occurred, a statement of the reason(s) for such determination(s), a statement of the Borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the Borrower can request such documents, and contact information for further assistance.

Best Regards,


Jessica Kerr, Esq.

Enclosures
Authorized Agent and Federal Counsel for Borrower